UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESPERANZA DIAZ DEL CASTILLO, ) | Case No. 05-1122-JLR-JPD |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER DENYING |
| WASHINGTON STATE DEPARTMENT OF ) | PLAINTIFF'S MOTION FOR |
| SOCIAL AND HEALTH SERVICES et al., ) | APPOINTMENT OF COUNSEL |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 2000(e) employment discrimination suit. Plaintiff has filed a proposed complaint that alleges, *inter alia*, that she was the victim of racial, gender, and national origin discrimination, that she endured a hostile work environment, and that she was retaliated against. Dkt. No. 3. This matter comes before the Court on plaintiff's motion for appointment of counsel. Dkt. No. 4. Having reviewed plaintiff's motion, complaint, and supporting materials, the Court DENIES plaintiff's motion for appointment of counsel. Dkt. No. 4.

A.  Appointment of Counsel. Although the Court possesses the authority to appoint counsel in an employment discrimination suit, plaintiffs have no absolute right to such an appointment. 42 U.S.C. § 2000(e)(5)(f)(1)(B); *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982) (internal citations omitted). Rather, the decision to

ORDER DENYING
PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL
PAGE -1

appoint counsel is left to the sound discretion of the Court. *Johnson v. U.S. Dept. of Treasury*, 939 F.2d 820, 824-25 (9th Cir. 1991). Three factors are relevant to the Court's determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on her own; and (3) the merits of the plaintiff's claim. *Id.* (citing *Ivey,* 673 F.2d at 269.

1. <u>Plaintiff's Financial Resources</u>. Plaintiff satisfies the financial requisite for appointment of counsel. A movant's ability to afford counsel is measured by a more lenient standard than that required to qualify for *in forma pauperis* status. *See Ivey*, 673 F.2d at 269. Here, plaintiff has been granted permission to proceed *in forma pauperis,* Dkt. No. 2, and has therefore demonstrated that she does not have the financial resources to independently fund her suit.

2. <u>Plaintiff's Efforts to Secure Counsel</u>. Plaintiff has demonstrated that she has made efforts to secure counsel. Plaintiffs are required to perform a reasonably diligent effort under the circumstances to obtain counsel. *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981); *Ivey*, 673 F.2d at 269. Here, plaintiff's motion indicates that she has sought assistance from eleven attorneys over the course of the last fifteen months. This indicates that she has made a reasonably diligent effort to secure counsel.

3. <u>Merits of Claim</u>. Plaintiff has not demonstrated that the merits of her case warrant appointment of counsel. Plaintiff's complaint provides the Court with few facts that indicate her case has merit. To the contrary, her complaint simply asserts that she was discriminated and retaliated against during a six month probationary period. She provides no further description of the facts and circumstances of the alleged discrimination and thus leaves the Court with little evidence that her claim is meritorious.

The Equal Employment Opportunity Commission's ("EEOC") failure to find a violation of plaintiff's rights casts further doubt on the merits of plaintiff's case. EEOC evaluations of an employment discrimination claim are considered probative of the merits for

ORDER DENYING
PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL
PAGE -2

purposes of appointment of counsel. *Bradshaw*, 662 F.2d at 1309, 1319-20 (indicating that EEOC determinations that a case has merit ordinarily require no further inquiry for purposes of appointment of counsel); *see also Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1308 (5th Cir.1977) (finding EEOC investigations highly probative of a case's merits for purposes of appointing counsel). Here, the EEOC investigated plaintiff's claim and "was unable to conclude that the [plaintiff] establishe[d] violations of the statutes." Dkt. No. 3. Without more, the Court agrees and denies plaintiff's motion for appointment of counsel. Dkt. No. 4.

B.    Plaintiff's Obligation to Serve. The Clerk is directed to send a copy of this Order to plaintiff, and to issue summonses to plaintiff to enable proper service of the complaint on the appropriate parties. **Plaintiff shall note that it is her responsibility to properly serve copies of the complaint along with appropriate summonses as required by Rule 4 of the Federal Rules of Civil Procedure.**

The Clerk shall direct copies of this Order to plaintiff, to counsel for defendant, and to the Honorable James L. Robart.

DATED this 18th day of July, 2005.

*James P. Donohue*
———————————————
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING
PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL
PAGE -3