UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESPERANZA DIAZ DEL CASTILLO,

Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES., et. al.,

Defendants.

CASE NO. C05-1122 JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on two discovery-related motions filed by Plaintiff Esperanza Diaz Del Castillo (Dkt. ## 46, 48) and responsive motions filed by Defendant, Washington State Department of Social and Health Services ("DSHS") (Dkt. # 49). For the reasons stated below, the court DENIES Ms. Del Castillo's motions to compel (Dkt. ## 46, 48), STRIKES as moot DSHS's motion for a protective order, GRANTS DSHS's motion to compel a deposition, and GRANTS DSHS's request to alter the case schedule (Dkt. # 49).

## II. BACKGROUND

Ms. Del Castillo is proceeding pro se in a suit alleging employment discrimination against DSHS. On November 2, 2006, DSHS's defense counsel received from Ms. Del Castillo 72 interrogatories and requests for production. See Clarke Aff., Ex. A. Defense

ORDER – 1

counsel responded in a November 9, 2006 email requesting that Ms. Del Castillo identify 25 questions DSHS should address pursuant to the limitation of the number of interrogatories imposed by Fed. R. Civ. P. 33(a). Clarke Aff., Ex. B. On November 16, 2006, Ms. Del Castillo filed a motion requesting the court to order the DSHS to respond to the total 72 interrogatories.

The parties have apparently been unsuccessful in coordinating a mutually convenient date and location for defense counsel's deposition of Ms. Del Castillo. On November 17, 2006, Ms. Del Castillo filed a second discovery motion requesting that any deposition of her be conducted telephonically or near her home in California. Alternatively, Ms. Del Castillo requests that the court order DSHS to submit written interrogatories instead of deposing her.

In response to Ms. Del Castillo's motions, DSHS requests that the court grant a protective order denying Ms. Del Castillo's request to propound 72 interrogatories, issue an order requiring Ms. Del Castillo to make herself available for a deposition, and alter the current case schedule.

The original discovery cut off date in this case was December 4, 2006. Trial is currently set for April 3, 2007.

### III.  ANALYSIS

**A.     Ms. Del Castillo May Serve No More than 25 Interrogatories on DSHS.**

Under Fed. R. Civ. P. 33(a), a party may serve interrogatories on another party "not exceeding 25 in number including all discrete subparts . . . ." Fed. R. Civ. P. 33(a). A single question asking for several pieces of information directly relating to same topic counts as one interrogatory. See Safeco of America v. Rawstrom, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (stating that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to

ORDER – 2

the primary question).  Questions seeking information about separate subjects count as separate interrogatories.  Collaboration Props., Inc. v. Polycom, Inc., 224 F.R.D. 473, 475 (N.D. Cal. 2004) (holding that single interrogatory seeking information about 26 separate products in a patent case contained 26 discrete subparts).  While a court may grant a party leave to serve additional interrogatories, such leave should not be granted where the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  Id.; Fed. R. Civ. P. 26(b)(2).

The court denies Ms. Del Castillo's motion to compel DSHS to respond to her submission of 72 interrogatories.  The burden on DSHS of responding to 72 interrogatories, many of which include discrete subparts, outweighs the likely benefit of the requested information to Ms. Del Castillo.  Ms. Del Castillo's interrogatories are overly broad; she failed to narrow her questions to the relevant time period, the particular division to which she was assigned within the agency, or the agency position at issue.  See Clarke Aff., Ex. A.

The court directs Ms. Del Castillo to comply with the requirements of Fed. R. Civ. P. 33(a) by submitting a total of 25 interrogatories to DSHS by January 18, 2007.  Ms. Del Castillo shall select 25 interrogatories she prefers DSHS to answer from the 72 previously submitted.  Alternatively, Ms. Del Castillo shall submit a new, revised set of interrogatories that are more narrowly tailored to the allegations contained in her complaint.

**B.      DSHS May Depose Ms. Del Castillo in Olympia, Washington.**

Ms. Del Castillo has not agreed to appear for a deposition in Olympia, Washington as requested by DSHS.  Under Fed. R. Civ. P. 30, a defendant may schedule a plaintiff's

ORDER – 3

deposition, which includes the provision of reasonable notice stating the time and place of the deposition. Where parties cannot arrive at a mutual agreement, a district court has wide discretion to establish the time and place of depositions. Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994). The court acknowledges that Ms. Del Castillo is proceeding pro se and in forma pauperis in this employment discrimination action. Even so, as a normal rule, a plaintiff will be required to make herself available for a deposition in the district in which she filed suit. Cobell v. Norton, 213 F.R.D. 43, 47 (D.D.C. 2003); see also Dollar Sys., Inc. v. Tomlin, 102 F.R.D. 93, 94 (M.D. Tenn. 1984) ("[A]ccording to another general rule, the plaintiff will not be heard to complain about having to appear in the forum-district for the taking of its deposition, since it selected that forum in the first instance."). Ms. Del Castillo fails to provide the court with specific reasons why she cannot make herself available for a deposition in this district. Absent such a showing, the court cannot accede to her request that she be deposed in a district different from the one in which she chose to file suit. Ms. Del Castillo alternatively requests a telephonic deposition. A telephonic deposition, however, will not allow defense counsel to adequately observe Ms. Del Castillo's demeanor to prepare for trial.

Accordingly, Ms. Del Castillo shall be required to attend a deposition in Olympia, Washington as scheduled by DSHS. Defense counsel shall provide Ms. Del Castillo with three alternative dates to attend a deposition in January or February, 2007. Ms. Del Castillo shall notify DSHS which date she prefers to attend. The deposition of Ms. Del Castillo shall occur no later than February 23, 2007.

## IV.  CONCLUSION

The court DENIES Ms. Del Castillo's motions to compel (Dkts. ## 46,48). In directing Ms. Del Castillo to submit no more than 25 interrogatories, the court STRIKES

ORDER – 4

as moot DSHS's motion for a protective order (Dkt. # 49).  The court GRANTS DSHS's motion to compel Ms. Del Castillo to appear for a deposition in Olympia, Washington.  In light of ongoing discovery, the court GRANTS DSHS's request to alter the case schedule (Dkt. # 49).  The court sets a new trial date of June 26, 2007 and directs the clerk to issue a revised minute order setting related dates.

Dated this 4th day of January, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 5